IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL KAPELUSHNIK,

    Petitioner,

v.

G. MALDONADO, Jr., Warden,
Atlanta United States Penitentiary,

    Respondent.

CIVIL ACTION NO.
1:05-CV-1056-JTC

# O R D E R

Pending before the Court is the Magistrate's Report and Recommendation [# 10] and Petitioner's objections thereto [# 11]. Pursuant to 28 U.S.C. § 2241, Petitioner challenges the United States Bureau of Prison's failure to credit him with time served in home confinement. The Court **ADOPTS in part** and **OVERRULES in part** the Magistrate's Report and Recommendation [# 10].

## I.  Standard of Review

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a careful, de novo review of the portions of the Magistrate's Report and Recommendation to which Plaintiff objected. The

Court has reviewed the remainder of the Magistrate's Report and Recommendation for clear error.

## II. Background

Petitioner pled guilty in the United States District Court for the Southern District of Florida to charges arising out of the theft of $800,000.00 in rare coins. The sentencing court granted Petitioner's motion for a downward departure and sentenced him to eight months imprisonment, eight months home confinement and three years of supervised release. The Government appealed the grant of Petitioner's motion for a downward departure, and the United States Court of Appeals for the Eleventh Circuit reversed.

When the Eleventh Circuit ordered that the court re-sentence Petitioner, he had already served his eight months imprisonment and eight months of home confinement. Subsequently, the court re-sentenced Petitioner to twenty-seven months imprisonment and two years of supervised release. The Bureau of Prisons gave Petitioner credit for the time he served in prison prior to the re-sentencing, but not the time he served in home confinement. Petitioner is currently incarcerated and serving the last months of his twenty-seven month sentence.

On April 21, 2005, Petitioner filed this habeas corpus petition pursuant

to 28 U.S.C. § 2241 asserting that the Bureau of Prison's failure to credit him with time served in home confinement violates the Fifth Amendment to the United States Constitution.  The Magistrate determined that the Court lacked jurisdiction to consider Petitioner's habeas petition because he failed to exhaust his administrative remedies.  Specifically, the Magistrate concluded that: (1) Petitioner failed to demonstrate that a futility exception to this jurisdictional requirement is recognized in this Circuit, and (2) even if a futility was recognized in this Circuit, Petitioner has failed to demonstrate that pursuing the administrative remedies available would be futile.

## III.   Analysis

It is the law of this Circuit that a prisoner seeking Section 2241 habeas relief must exhaust administrative remedies prior to filing suit in a district court.  Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004)(per curiam), cert. denied, 541 U.S. 1036, 124 S. Ct. 2112 (2004).  This exhaustion requirement is jurisdictional.  U.S. v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990)(per curiam); Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003).  The requirement that prisoners exhaust their administrative remedies under Section 2241 is judicially imposed rather than statutory.  See Skinner, 355 F.3d at 1294-95.  Because the exhaustion requirement is judicially imposed rather than statutorily mandated, the Court has discretion to waive the

exhaustion requirement under certain circumstances - including where exhaustion would be futile.  See McCarthy v. Madigan, 503 U.S. 140, 144, 112 S. Ct. 1081, 1086 (1992)("Where Congress specifically mandates, exhaustion is required.  But where Congress has not clearly required exhaustion, sound judicial discretion governs."(internal citations omitted)); Cochran v. U.S. Heath Care Fin. Admin., 291 F.3d 775, 780 (11th Cir. 2002)("Those judge-made exceptions do not apply, however, to a statutorily-mandated exhaustion requirement. . . .").

Although the Magistrate is correct that, in the context of a Section 2241 habeas petition, the Eleventh Circuit has not directly addressed whether exhaustion is required when pursuing the available administrative remedies would be futile, the majority of other courts to address this issue have recognized a futility exception.  See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)("Exceptions to the exhaustion requirement are appropriate . . . where the attempt to exhaust such remedies would itself be a patently futile course of action.")(citation omitted));  Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993)("Exhaustion is not required if pursuing those remedies would be futile."); Holman v. Booker, No. 98-3124, 1998 WL 864018, at *3 (10th Cir. Dec. 14, 1998)("Holman is correct that a futility exception to the exhaustion requirement exists."); McKinney v. White, No. 89-5716, 1990 WL

14044, at *1 (6th Cir. Feb. 16, 1990); Campbell v. Barron, No. 3-5955, 2004 WL 291180, at *1 (6th Cir. Feb. 12, 2004); see also Middlebrooks v. Barron, No. 5:04cv325, 2005 WL 1684409, *1 (N.D. Fla. June 14, 2005).  Additionally, the Eleventh Circuit has recognized the futility exception for military habeas petitions.  See Winck, 327 F.3d at 1304.  Accordingly, the Court finds that a prisoner need not exhaust his or her administrative remedies prior to pursuing a habeas corpus petition pursuant to Section 2241 where the prisoner can show that resorting to the available administrative remedies would be futile.  To the extent that the Magistrate concludes otherwise, the Court **OVERRULES** the Report and Recommendation.

The Magistrate, however, also concludes that even if a futility exception is available, Petitioner failed to demonstrate that pursuing his administrative remedies would be futile.  Petitioner failed to properly object to this portion of the Report and Recommendation and has made no showing to this Court that the Court should exercise its judicial discretion and waive the exhaustion requirement in this case.  As the Magistrate stated, one of the purposes of the exhaustion requirement is to provide an agency with an opportunity to discover and correct its own errors.  See Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998).  By failing to exhaust his administrative remedies, Petitioner has not provided the Bureau of Prisons an opportunity to consider whether its policy is unconstitutional and resolve this issue without involving

the courts.  As such, Petitioner has not sufficiently demonstrated to this Court that exhaustion would prove futile.  The Court **ADOPTS** the Report and Recommendation to the extent that the Magistrate concludes that Petitioner has not shown that he is entitled to rely on the futility exception.

**IV.  Conclusion**

Consistent with this Order, the Court **ADOPTS in part** and **OVERRULES in part** the Magistrate's Report and Recommendation  [# 10].  The Court **DISMISSES** Petitioner's habeas corpus petition [# 1] without prejudice.  The Court **DENIES** as moot Petitioner's motion for immediate release on recognizance [# 5].

**SO ORDERED**, this  28th  day of December, 2005.

/s/ Jack Camp
JACK T. CAMP
UNITED STATES DISTRICT JUDGE